A. DELAND *v.* HARVEY H. HIETT.

DISCHARGE OF A JUDGMENT.—A payment of part of the amount due upon a money judgment under an agreement that it shall operate as satisfaction in full will not discharge the judgment.

VOID AGREEMENT.—An agreement to discharge a judgment for a sum less than the amount for which it was rendered is void.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

The complaint averred that on the 22d day of April, 1861, W. S. Webb recovered a judgment against the plaintiff in the District Court of Yuba County, for four thousand three hundred and forty dollars, to bear interest at three per cent per month, and that J. O. Goodwin was the attorney of record for said Webb.   That on the 18th day of October, 1861, W. S. Webb assigned the judgment to J. R. Webb.   That on the 31st day of May, 1862, plaintiff paid said Goodwin one thousand dollars in full satisfaction of said judgment, and that said Goodwin, then and there acting on behalf of said Webbs, and at the request of said Webbs, and being authorized by them to do so, agreed to receive and did receive said money in full satisfaction and payment of the judgment, and with the knowledge and consent of said Webbs, acknowledged in writing

upon the margin of the judgment roll, satisfaction of the judgment, in the words and figures as follows:

"For value received, the within and foregoing judgment is hereby satisfied in full. May 31, 1862.

"J. O. GOODWIN,

"Attorney of record and in fact for W. S. and Josiah R. Webb."

That on the 13th day of October, 1862, J. R. Webb assigned the judgment to defendant Hiett, and that he received the assignment with full knowledge of the facts, and that he was threatening to compel payment of the judgment by execution and forced sale of plaintiff's property.

The complaint prayed that the judgment be decreed satisfied, and that the defendant be enjoined from proceeding to enforce the collection thereof by execution or otherwise.

The answer denied that defendant, when he received the assignment, knew that the judgment was paid in whole or in part, or that he knew satisfaction of the same had been entered of record, and admitted the other allegations of the complaint.

The case was submitted on the pleadings.

The Court adjudged that the judgment be credited with one thousand dollars, but denied the injunction.

Plaintiff appealed.

*H. K. Mitchell*, and *George Cadwalader*, for Appellant, cited as to satisfaction and receiving part in payment of the whole, 2 Parsons on Contracts, 129, and note; 5 Cranch. 11; 5 Johnson, 390.

*N. E. Whitesides*, for Respondent.

By the Court, SHAFTER, J.

The question in this case, is, whether a payment of a part of the amount due upon a money judgment will discharge the judgment, the payment having been made under a dry agree-

ment that it should operate as a satisfaction in full. It was held in *Cumber* v. *Wane*, 1 Strange, 426, the leading case upon the subject, that a liquidated indebtedness, presently due, could not be discharged by a payment of less than the whole sum; and in the case of *Fitch* v. *Sutton*, 5 East. 230, the doctrine is not only reasserted, but the reason of it is given—such a contract is *nudum pactum*. The question has been adjudged, probably in every State in the Union, and the rule has been uniformly affirmed, and on the ground stated. There is a diversity of cases that are sometimes spoken of as exceptions to the rule, but they are, more properly, not within its scope. A composition, going solely upon the grounds stated, is universally bad. Inasmuch as the discharge in this case was of record, it is possible that it might operate as an estoppel, were it not for the fact that the complaint itself goes behind the record and exposes the fact that the discharge was entered in pursuance of a *nudum pactum*. The cases bearing upon the main question are collected in 1 Smith's Leading Cases, page 147, where the present state of the law upon the point is fully and learnedly exhibited in the note on *Cumber* v. *Wane*.

The judgment is affirmed.