89   321
141  707

[No. 13141.   Department One. — May 29, 1891.]

ELIZABETH H. SIDDALL, Appellant, v. GEORGE G. CLARK, Respondent.

Part Payment — Agreement for Satisfaction of Judgment — Note for Less Amount — Substitute for Judgment. — The payment of a part of the amount due upon a money judgment, under an agreement that it shall operate as a satisfaction in full, will not discharge the judgment; and a valid agreement cannot be made to accept a note for a less amount in the place of and as a substitute for the judgment.

Id. — Estates of Deceased Persons — Compromise of Judgment by Administratrix — Void Contract — Promissory Note — Want of Consideration. — An agreement by an administratrix of an estate to accept in compromise and full satisfaction of a judgment due the estate a note of the judgment debtor for a sum less than the amount for which the judgment was rendered, is null and void, and the note so given is without consideration.

Contracts — Consideration — Mutual Promises — Void Promise. — Mutual promises are concurrent considerations, and will support each other, unless one or the other is void; but a void promise on one side is not a sufficient consideration for a valid promise on the other side.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*D. William Douthitt,* and *Marcus Rosenthal,* for Appellant.

*Ben Morgan,* for Respondent.

BELCHER, C. — This is an action on a promissory note. The defendant pleaded want of consideration for its execution. The court gave judgment for the defendant, and the plaintiff appeals.

The facts are these: In 1879, the defendant, for a valuable consideration, executed to W. W. Traylor two promissory notes, for sums aggregating $2,950, and bearing interest at the rate of one per cent per month. In January, 1883, Traylor died intestate, and in February following Mrs. Elizabeth D. Traylor was duly appointed administratrix of his estate. She qualified and entered upon the discharge of her duties as administratrix, and in April, 1883, the said notes were inventoried and appraised as of no value.

In July, 1883, no part of the notes having been paid, Mrs. Traylor commenced an action to recover the amount due thereon, and on September 18, 1883, judgment by default was entered in her favor, as administratrix, against defendant, for the sum of $4,372.50.

On February 2, 1885, the defendant executed the note now in suit, which reads as follows:—

"$750.00.      SAN FRANCISCO, Feb. 2, 1885.

"On demand, for value received, I promise to pay to Mrs. E. D. Traylor seven hundred and fifty ($750) dollars, with interest at the rate of six per cent per annum, payable monthly. This note is given by me in payment of all claims against me by the estate of W. W. Traylor. Not transferable.            GEO. G. CLARK."

When this note was taken, nothing had been paid on the judgment, and it was intended to have the note, by

way of compromise, take the place of all existing indebtedness of the defendant to the estate. The attempted compromise was, however, never authorized or approved by the court having jurisdiction of the estate, or a judge thereof, and the administratrix never satisfied of record the judgment, or any part of it, but the same was in full force when this action was commenced, and remained so until it became barred by the statute of limitations.

In July, 1885, defendant paid fifty dollars on his indebtedness to the estate, and in August of that year the whole estate was distributed to Elizabeth D. Traylor in her own right, and as assignee of other heirs.

In October, 1885, Mrs. Traylor died testate, and after administration of her estate, the note in suit, with other property, was distributed to the plaintiff, who commenced this action June 2, 1888.

Conceding that executors and administrators have the legal right to compromise and discharge debts due the estates which they represent without the approbation of the court or a judge thereof, when it appears to them to be just and for the best interest of the estates (*Moulton* v. *Holmes*, 57 Cal. 337), still, it has been held in this state that a payment of a part of the amount due upon a money judgment, under an agreement that it shall operate as satisfaction in full, will not discharge the judgment, and that an agreement to discharge a judgment for a sum less than the amount for which it was rendered is void. (*Deland* v. *Hiett*, 27 Cal. 611; 87 Am. Dec. 102.)

It will be observed that the note in suit was not given or intended to operate as a mere part payment of the judgment against the defendant, but it was to take the place of and be a substitute for the whole judgment. This being so, the agreement on the part of the administratrix to accept it for that purpose was clearly null and void, under the rule above stated. But a void promise on one side cannot constitute a consideration for a

valid promise on the other side. The rule on this subject is thus stated in Story on Contracts, section 447: "Mutual promises are concurrent considerations, and will support each other, unless one or the other bé void; in which case, there being no consideration on the one side, no contract can arise." (See also Wharton on Contracts, sec. 498.)

It follows, in our opinion, that the note was executed without any sufficient consideration therefor, and that the court below properly so held.

The point is made that the want of consideration was not sufficiently pleaded in the answer, but we think it was.

We advise that the judgment be affirmed.

TEMPLE, C., and FITZGERALD, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.