[Civ. No. 3290.  Second Appellate District, Division One.—December 2, 1920.]

ALONZO LEACHMAN, Appellant, v. JOHN M. CAGE et al., Defendants; HATTIE L. MOHRENSTECHER, as Executrix, etc., Respondent.

[1] JUDGMENTS — ACTION TO RENEW — DEFAULT — ORDER VACATING— GROUNDS.—In an action to renew a judgment, an order vacating a default and judgment and dismissing the action on the ground that the judgment had been satisfied is erroneous where no ground of excusable neglect, such as is permitted to be made under section 473 of the Code of Civil Procedure, is urged.

[2] ID.—SATISFACTION OF JUDGMENT—PLEADING—ISSUES—FINDINGS.— Assuming that the satisfaction of judgment filed in the original action had the effect of satisfying the judgment therein in full, the complaint in the second action having tendered an issue as to the nonpayment in full of that judgment, it was necessary to plead the satisfaction in such second action and secure judgment and findings thereon.

APPEAL from an order of the Superior Court of Los Angeles County vacating a default and judgment and from an order dismissing the action. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

Goodspeed & Pendell for Appellant.

Lewis Cruickshank and Vincent B. Vaughan for Respondent.

JAMES, J.—Plaintiff takes this appeal from an order made by the trial court vacating a default entry and judgment entered thereon against defendant Mohrenstecher, executrix. An appeal is also taken from an order made dismissing the action.

The facts are these: Respondent's testator, one Finney, and three other persons were the makers of a promissory note of which the plaintiff was the holder. Judgment was entered on that note against all of the defendants and in favor of the plaintiff on the fifteenth day of July, 1914.

Thereafter, on the eleventh day of August, 1919, Finney, one of the makers, paid to the plaintiff five hundred dollars and plaintiff executed a writing which was entitled "Satisfaction and Release of Judgment against Defendant E. S. Finney," and in the body of which it was stated that five hundred dollars having been paid by Finney, Leachman acknowledged "full satisfaction of the judgment rendered in the above-entitled action, . . . and the clerk of said court is hereby authorized and directed to enter in the proper records full satisfaction of said judgment." At that time a sum considerably in excess of the five hundred dollars mentioned was due to the plaintiff under the judgment. [1] Thereafter the plaintiff brought action to renew the judgment as to the respondent and the other makers of the note except Finney, and default was duly entered against respondent for not appearing and answering the complaint. Thereafter respondent moved the court to set aside the judgment on the ground that the judgment in suit had been fully satisfied, and referred to the records and files in the former action, which included the written satisfaction of judgment hereinbefore referred to. No ground of excusable neglect, such as is permitted to be made under section 473 of the Code of Civil Procedure, was urged, respondent taking the bald position that she was entitled to the relief sought upon referring to the court for inspection the written satisfaction of judgment as filed in the first action. As we have noted, the court not only granted this motion, but entered an order upon the application of respondent, dismissing the suit. Plaintiff in his complaint in the action to renew the judgment set out fully the facts as to the amount due and as to the amount paid by Finney, referring to the latter as a payment on account only. [2] We think that the complaint tendered an issue as to the nonpayment in full of the judgment, and that the written satisfaction as filed was not conclusive as to that issue. Furthermore, assuming that the written satisfaction would have such effect, it was necessary to plead the same in the second action and secure findings and judgment thereon. (*Deland* v. *Hiett,* 27 Cal. 611, [87 Am. Dec. 102].) Assuming the correctness of this position, it would necessarily follow that after default had been entered against respondent she could only be relieved therefrom by satisfying a condition

required under section 473 of the Code of Civil Procedure. This her counsel admits she did not do. The order vacating the default and judgment should not have been granted.

The order and judgment of dismissal are reversed.

Conrey, P. J., and Shaw, J., concurred.