[Civ. No. 3679. First Appellate District, Division One.—March 18, 1921.]

## ELIZABETH Y. GORDON, Appellant, v. R. A. GREEN, Respondent.

[1] LEASES—EXECUTED ORAL MODIFICATION—WANT OF CONSIDERATION — LIABILITY UPON OBLIGATIONS OF LEASE. — An executed oral agreement under which the lessor agreed for a period of time to accept from the lessee a lesser rental than that specified in the written lease will not relieve the lessee from the obligations of the lease, where no consideration passed to the lessor for agreeing to such modification.

[2] ID.—FORECLOSURE OF MORTGAGE—APPOINTMENT OF RECEIVER—COMPENSATION—APPLICATION OF FUNDS.—Where, in an action to recover certain rents alleged to be due and unpaid under the terms

of a written lease and to foreclose a mortgage upon certain furniture given to secure the payment of the rent, a receiver is appointed to take charge of the property, and plaintiff recovers judgment, the compensation allowed the receiver should be paid from the funds in his hands, and not from the rent due plaintiff from defendant which accrued after the receiver ceased to act, and which never came into his hands, and the balance retained to be applied to the payment of the judgment to which plaintiff is entitled.

APPEAL from a judgment and orders of the Superior Court of Los Angeles County.  L. H. Valentine and Grant Jackson, Judges.  Reversed.

The facts are stated in the opinion of the court.

Waldo M. York and H. Parker Wood for Appellant.

Stewart & Stewart and Clair S. Tappaan for Respondent.

KERRIGAN, J.—This action was brought to recover certain rents alleged to be due and unpaid under the terms of a written lease.  Two causes of action are alleged, the first being one to recover a judgment for unpaid rent and for the foreclosure of a mortgage upon certain furniture given to secure the payment of the rent and also the performance of all promises and conditions of the lease. By the second cause of action plaintiff seeks to recover a judgment of foreclosure of a second mortgage upon the same property, given to secure the payment of a certain promissory note in the sum of $3,500.

As a defense to the first cause of action defendant alleged that there had been a change in the written contract of lease by an oral executed agreement.  To the second cause of action defendant alleged payment of interest and tender of the principal.

The lease was entered into by plaintiff and defendant on August 12, 1914, and by its terms was to continue until March 8, 1920, and defendant promised to pay plaintiff as rent for the premises the sum of $625 per month, payable in advance on the eighth day of each month up to the eighth day of March, 1915, and the sum of $666⅔ per month for the succeeding five years of the term.  To

secure the payment of the rent in accordance with the
terms of the lease one of the mortgages here involved was
executed. Defendant entered into the occupancy of the
hotel premises under the lease, by the terms of which there
became due to plaintiff as rent the sum of $43,041.61, and
at the time of the commencement of this action on Decem-
ber 15, 1919, defendant had paid to the plaintiff the sum
of $30,666.89, leaving $12,394.77 unpaid. These facts are
not disputed by defendant, but he alleges that the lease
with reference to the amount of rent due thereunder was
changed by agreement between the parties.

The trial court found that defendant had entered into
possession of the premises described in the lease set forth
in the first cause of action, but further found that such
terms were subsequently changed by an oral agreement
between the parties, and that such agreement was carried
out by the lessee and accepted by the lessor. This change
in the lease as found by the trial court consisted in an
agreement which in substance provided that, pending the
hard times and general depression of the hotel, apartment
house, and rooming-house business in the city of Los
Angeles, the lessor agreed to accept in lieu of the amounts
specified in the lease all of the income derived from the
premises over and above the expenses of the business and
a moderate allowance for the support of the defendant and
his wife for managing said business. It further found that
this condition had improved after the eighth day of
September, 1919, since which time defendant had promptly
paid to plaintiff monthly the rent according to the terms
of the lease. The court thereupon entered a judgment
that plaintiff take nothing by her first cause of action, and
that as to the second cause of action she have and recover
the sum of $3,500, and ordered the receiver who had here-
tofore been appointed by the court to forthwith "deliver
the said property held by him to defendant and account
immediately as to the receivership."

Plaintiff appealed from the judgment so rendered on the
first cause of action, and from the order requiring the
receiver to deliver the property in his possession to the
defendant. The appeal from this portion of the judgment is
taken upon the judgment-roll alone.

Plaintiff also appeals from the order whereby the accounts of the receiver were settled and the receiver discharged. This appeal is taken upon a bill of exceptions.

We will first dispose of the questions raised by the first appeal.

[1] Appellant claims that the oral change in the written contract as found by the court shows that it was never intended by the parties to be other than an agreement for the suspension of the time of payment of the amount of rent due under the contract, for which ample security existed, and that the construction given by the trial court to the agreement can avail defendant nothing, for the reason that the agreement as found is entirely without consideration. In this behalf it is argued that the carrying out of the oral agreement by defendant did not validate the contract, for the reason that it was simply the performance of the very act which defendant was legally obligated by his written contract to do, and that defendant therefore suffered no prejudice by the performance of the alleged modification.

We see no escape from this contention. In the absence of any sufficient consideration the law supplies no means and affords no remedy to compel the performance of a contract. Neither the promise to do nor the actual doing of that which the promisor is by law or subsisting contract bound to do is a sufficient consideration to support a promise made to the person upon whom the legal liability rests, either to induce him to perform what he is bound to do or to make a promise so to do. Accordingly it has been held in this state that neither a promise to perform a duty nor its performance constitutes a consideration for a contract. (*Deland* v. *Hiett*, 27 Cal. 611, [87 Am. Dec. 102]; *Siddall* v. *Clark*, 89 Cal. 321, [26 Pac. 829]; *Sullivan* v. *Sullivan*, 99 Cal. 193, [33 Pac. 862]; *McKenzie* v. *Hodgkins*, 126 Cal. 593, [77 Am. St. Rep. 209, 59 Pac. 36]. See, also, *Goldsborough* v. *Gable*, 140 Ill. 269, [15 L. R. A. 294, 29 N. E. 722]; *Seymour* v. *Hughes*, 55 Misc. Rep. (N. Y.) 251, [105 N. Y. Supp. 249]; *Wharton* v. *Anderson*, 28 Minn. 302, [9 N. W. 860].) The modified agreement as found by the court to have been made between the parties was, therefore, a mere *nudum pactum*, which did not relieve defendant from the obligations under his lease.

[2]   Under her second appeal plaintiff complains of the order of the trial court requiring the receiver to deliver property in his possession, and further requiring that the receiver's compensation be paid out of rent due the lessor from the lessee which accrued after the receiver ceased to act, and which rent never came into his hands.   The compensation allowed the receiver should have been paid from the funds in his hands, and the balance retained to be applied to the payment of the judgment to which plaintiff was entitled.

From what we have said it follows that the judgment in favor of defendant on the first cause of action should be reversed.   Upon the second appeal, the order directing payment of the receiver's fees out of the rents accruing after the receiver was discharged is reversed, as is also the order discharging the receiver.

It is so ordered.

Richards, J., and Waste, P. J., concurred.