[Civ. No. 4136.   Second Appellate District, Division One.—December 10, 1924.]

HELEN CANTRALL, Administratrix, etc., Appellant, v. C. O. WATERMAN et al., Respondents.

[1] JUDGMENTS—PAYMENTS ON ACCOUNT—EVIDENCE — FINDINGS.—In this action to renew a judgment, the evidence was sufficient to justify the finding of the trial court to the effect that a certain payment made to plaintiff by the estate of one of the original

---

1.  See 15 R. C. L. 825.

judgment defendants was a payment made on account of the original judgment.

[2] ID. — SATISFACTION — IMPROPER ACKNOWLEDGMENT. — A purported satisfaction of judgment which is not duly acknowledged, in that the certificate of acknowledgment recites that the plaintiff appeared before a certain notary public, but such certificate is signed by a different notary public, does not constitute authority to the clerk to enter same in the clerk's docket.

[3] ID.—PART PAYMENT—FULL DISCHARGE—WANT OF CONSIDERATION. Payment of a part of the amount due on a money judgment will not discharge the judgment, where such payment is made under a dry agreement that it shall operate as a satisfaction in full.

(1) 34 C. J., p. 696, n. 68.    (2) 1 C. J., p. 835, n. 88.    (3) 1 C. J., p. 540, n. 75, p. 541, n. 79.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Reversed.

The facts are stated in the opinion of the court.

Goodspeed & Pendell for Appellant.

Robert E. Abbott and Clyde Doyle for Respondents.

CONREY, P. J.—Alonzo Leachman commenced this action against respondents Waterman and Ruff and against the executrix of the will of G. A. Mohrenstecher, deceased, and George M. Cage, for renewal of a judgment entered on the twentieth day of July, 1914, against G. A. Mohrenstecher, Waterman, Ruff, and Cage; and, as appears by the evidence, also against one E. S. Finney. Leachman appealed from the judgment entered in favor of respondents. Since his death, pending the appeal, the administratrix of his estate has been substituted as plaintiff and appellant.

In the present action, judgment by default was entered against the executrix of the will of Mohrenstecher. That judgment is now final. (*Leachman* v. *Cage*, 50 Cal. App. 241 [194 Pac. 750].) The record shows that in this action defendant Cage has not been served with summons and has not appeared. It follows that Waterman and Ruff alone are respondents to this appeal.

2.   See 15 R. C. L. 831; 15 Cal. Jur. 273.
3.   See 15 R. C. L. 826.

The original judgment amounted to $1,061. The plaintiff alleged that no part of said judgment has been paid, except the sum of $500 paid on or about August 11, 1919. Respondents contend that there was also paid on account of the judgment of July 20, 1914, by the estate of Mohrenstecher, the sum of $400; also that on payment of said sum of $500, which was paid by Finney, the judgment was satisfied in full. Appellant contends that said sum of $400 was paid by the estate of Mohrenstecher not on account of the judgment, but under a separate agreement for release of property of the estate from the lien of the judgment.

[1] The court found that the payment by the Mohrenstecher estate was made on account of the judgment. Appellant contends that the evidence is insufficient to sustain that finding. We are of the opinion that the evidence is sufficient to sustain the finding. Although Leachman testified that he did not receive said sum of $400 to apply on the judgment, he admitted that his attorney who was acting for him in connection with these transactions stated to him in the presence of Mr. Finney "that I had already received $400 on that judgment, and therefore by the receipt of this $500 from Mr. Finney it was a good settlement of the judgment." In addition to this Mrs. Finney testified that in a conversation with the plaintiff Leachman during the pendency of this action and relating to its subject matter, the plaintiff stated "that as Mr. Mohrenstecher and Mr. Finney had both made substantial payments he thought that Doctor Ruff and myself should pay the balance." From the evidence thus introduced, we think the court was warranted in determining that the Mohrenstecher payment was made on account of the judgment.

There is no finding of any payment on account of the judgment other than said sums of $500 and $400. [2] But the court found that the judgment has been fully satisfied and discharged, and that there is no sum whatever due or owing to the plaintiff from the defendants; and that the judgment "was fully satisfied and discharged by a marginal satisfaction on the margin of said judgment, and that by reason thereof there is nothing due this plaintiff from these defendants or any of them." So far as the question of satisfaction and discharge on the record is concerned, the evidence is not sufficient to sustain this finding. The only satisfaction of judgment shown by the record is an instru-

ment entitled "Satisfaction and Release of Judgment against Defendant E. S.. Finney." This document describes the judgment and purports to acknowledge full satisfaction thereof and to authorize and direct the clerk of the court to enter in the proper records full satisfaction of said judgment. This document was in fact, as the evidence shows, signed by the plaintiff. To it there was annexed a so-called certificate of acknowledgment, dated August 11, 1919, and signed by Louis Murdock as notary public; but in the body of the certificate the recital is that Leachman appeared "before me, Geo. L. Hoodenpyl, a notary public," etc. This certificate was wholly ineffective as a certificate of acknowledgment. There is no evidence of any authorization to the clerk to enter a marginal satisfaction, unless the document above described was sufficient for the purpose of authorizing an entry of satisfaction of judgment.

So far as applicable to this case, section 675 of the Code of Civil Procedure reads as follows: "Satisfaction of a judgment may be entered in the clerk's docket . . . upon an acknowledgment of satisfaction filed with the clerk, made in the manner of an acknowledgment of a conveyance of real property, by the judgment creditor, or by his endorsement on the face, or on the margin of the record of the judgment, or by the attorney, unless a revocation of his authority is filed. . . . "

[3] Since there has been no legal entry of satisfaction of said judgment, and since the payments which have been made on account of the judgment are less than the amount due thereon at the time of the payments that were made, it follows that the plaintiff should have been awarded judgment for the amount remaining unpaid, unless the circumstances attending the payments which were made were sufficient to justify the court below in determining that, by reason of such payments, the judgment was "satisfied in fact." (Code Civ. Proc., sec. 675.) But there is no finding, nor is there any evidence, of the existence of any facts which would establish a consideration for an agreement to satisfy the entire judgment. Payment of a part of the amount due on a money judgment, the payment having been made under a dry agreement that it shall operate as a satisfaction in full, will not discharge the judgment. "Such a contract is *nudum pactum.*" . (*Deland* v. *Hiett*, 27 Cal. 611,

[87 Am. Dec. 102]; *Siddall* v. *Clark*, 89 Cal. 321 [26 Pac. 829].) This is a case of just such a "dry agreement."

The judgment is reversed.

CURTIS, J., Concurring.—I concur in the judgment for the reason that it appears unquestionably to be in accord with the prior decisions of our supreme court. The rule approved by these decisions—that is, that part payment on a money judgment under an express agreement on the part of the judgment creditor to accept the payment in full settlement and satisfaction of the judgment is void, and not binding upon the judgment creditor—is in my opinion without reason, is against the universal custom and practice of business, and is against good morals. "It has been freely criticised by most of the courts which have had occasion to consider it." (1 Cyc., p. 321.) The supreme court of Mississippi refused to follow this rule, and in an exhaustive opinion written by Chief Justice Woods he attempted to show its unsoundness and that it had its origin in a misconception of an early English decision. In the course of his opinion, Chief Justice Woods says: "The absurdity and unreasonableness of the rule seem to be generally conceded, but there also seems to remain a wavering, shadowy belief in the fact, falsely so called, that the agreement to accept and the actual acceptance of a lesser sum in full satisfaction of a larger sum is without any consideration to support it; that is, that the new agreement confers no benefit upon the creditor. However it may have seemed three hundred years ago in England, when trade and commerce had not yet burst their swaddling bands, at this day, and in this country, where almost every man is in some way or other engaged in trade or commerce, it is as ridiculous as it is untrue to say that the payment of a lesser part of an originally greater debt, cash in hand, without vexation, cost, and delay, or the hazards of litigation in an effort to collect all, is not often—nay, generally—greatly to the benefit of the creditor." (*Clayton* v. *Clark*, 74 Miss. 499 [60 Am. St. Rep. 321, 37 L. R. A. 771, 21 South. 565, 22 South. 189].)

Houser, J., concurred.