[Civ. No. 4597. Third Appellate District.—December 1, 1932.]

A. M. BLUMER, Respondent, v. E. W. MADDEN, Appellant.

H. W. Zagoren for Appellant.

Chauncey H. Dunn and E. L. Chloupek for Respondent.

THOMPSON (R. L.), J.—This is an appeal from an order denying defendant's motion to recall and quash a writ of execution.

December 3, 1925, plaintiff recovered judgment against the defendant for the sum of $465.06, together with interest and costs. In November, 1926, the defendant offered in writing to pay plaintiff the sum of $375 in installments of $50 a month in full satisfaction of the judgment. In reply to this offer the plaintiff wrote the defendant a letter in which he agreed to accept in full payment of the judgment the sum of $483.34, provided that sum should be paid in regular monthly installments of $50, beginning with November 15, 1926. This conditional compromise of the judgment was expressed in the following language: *"If the installments would be carried on monthly,* we would be willing to accept this proposition which would mean $375 plus $108.34, or $483.34 in complete settlement without any further interest. We would not care to release the judgment until the terms of the agreement have been completed."

To the terms of this proposed compromise the defendant agreed. Several monthly payments were subsequently made

pursuant to this agreement, aggregating the total sum of $363.48. No payment was made after November 20, 1927. No extension of time was granted.

September 16, 1931, upon proceedings duly had, an execution was directed by the court to be issued under the provisions of section 685 of the Code of Civil Procedure, for the satisfaction of the unpaid portion of the original judgment. The defendant moved to recall and quash this execution on the grounds that the agreement to compromise the judgment constituted a novation, and that the judgment was barred by the provisions of the statute of limitations. This motion was denied. From the order denying the motion to recall and quash the execution, the defendant has appealed.

The agreement to compromise the judgment was conditional upon the regular payments of $50 a month until the sum of $483.34 was fully satisfied. The release of the judgment was specifically reserved. This conditional agreement did not constitute a novation of the obligation, and the judgment was not thereby extinguished. A novation is created only when a new obligation is substituted for the original one with the intention of the parties to thereby extinguish the old debt. Section 1531 of the Civil Code provides in part:

"Novation is made:

"1. By the substitution of a new obligation between the same parties with intent to extinguish the old obligation."

The plaintiff refused to satisfy the judgment until the agreed sum of $483.34 was fully paid. The defendant defaulted in the payment of his installments. He paid no more than the sum of $363.48. He made no further payments after November 20, 1927. He therefore forfeited his right to satisfy the judgment . by the payment of only the sum of $483.34. The original judgment, therefore, remains in full force subject to a credit of such sums as have been paid thereon.

A novation is contractual in its nature and is governed by the same rules of law which apply to any other contract. It depends upon the intention of the parties and must be supported by an adequate consideration. (20 Cal. Jur. 247, sec. 3; 46 C. J. 588, secs. 28, 29.) It is essential that the extinguishment of the old obligation is contemporaneous with and the result of the consummation of

the new agreement. If the new agreement is to become operative only at a future time, or is dependent upon a condition which is not performed, there is no extinguishment of the original debt and the novation fails. (46 C. J. 594, sec. 35.) Ordinarily where one is legally bound and can be compelled to pay a definite ascertained sum of money such as is represented by a valid judgment, a mere promise to pay less than the entire sum in satisfaction thereof, is without consideration and void. (6 Cal. Jur. 179, sec. 122; *Scheeline* v. *Moshier*, 172 Cal. 565 [158 Pac. 222]; *Gordon* v. *Green*, 51 Cal. App. 765 [197 Pac. 955]; *Siddall* v. *Clark*, 89 Cal. 321 [26 Pac. 829, 830].) In the case last cited it is said:

"It has been held in this state that a payment of a part of the amount due upon a money judgment, under an agreement that it shall operate as satisfaction in full, will not discharge the judgment, and that an agreement to discharge a judgment for a sum less than the amount for which it was rendered is void. (*Deland* v. *Hiett*, 27 Cal. 611 [87 Am. Dec. 102].)"

In the case of *Gordon* v. *Green*, 51 Cal. App. 765 [197 Pac. 955, 956], it is said:

"Neither the promise to do nor the actual doing of that which the promisor is by law or subsisting contract bound to do is a sufficient consideration to support a promise made to the person upon whom the legal liability rests."

In the case of *Scheeline* v. *Moshier*, 172 Cal. 565 [158 Pac. 222], where a written stipulation was filed between the parties to an action on a promissory note agreeing to accept less than the amount of the note to be paid in specified installments, in full satisfaction thereof, and the maker of the note defaulted in certain payments, it was held the note was not extinguished and that a judgment for the unpaid portion of the entire original amount of the note was valid. This seems to be the precise situation in the present case.

Section 1524 of the Civil Code provides that:

"Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing, in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation."

It is true that the foregoing section does dispense with a new consideration for an agreement to accept less than an amount to which a creditor is entitled, provided the agreement therefor is in writing and expressly declares that the payment is in satisfaction of the original obligation. It may be conceded that if the appellant in this action had paid the sum of $483.34 according to the terms of the written agreement it would have resulted in extinguishing the obligation represented by the judgment. Certainly the payment of installments aggregating a sum less than the amount agreed upon may not be deemed to have extinguished the judgment in view of the specific statement in the written contract that the judgment would not be released until the payments had been fully made. Nor can it be said the payment of installments less than the total amount for which the judgment was to be compromised, were accepted "in satisfaction" of the entire obligation. Section 1524 has no application to the circumstances of the present case.

Conceding that the agreement in this case amounts to an accord under the provisions of section 1521 of the Civil Code, it did not have the effect of extinguishing the judgment until it was fully executed by payment of all of the installments as provided by the terms of the contract. Section 1522 of the Civil Code provides:

"Though the parties to an accord are bound to execute it, yet it does not extinguish the obligation until it is fully executed."

The court in the exercise of sound discretion was authorized to direct the issuing of an execution for the satisfaction of the judgment pursuant to section 685 of the Code of Civil Procedure, after the lapse of five years from the date of its entry. (*Weldon* v. *Rogers*, 159 Cal. 700 [115 Pac. 464]; *Wheeler* v. *Eldred*, 121 Cal. 28 [53 Pac. 431, 66 Am. St. Rep. 20].) There appears to have been no abuse of discretion in directing the issuing of this execution for the unpaid portion of the judgment. The judgment debtor had defaulted in the terms of his agreement for a compromise thereof. The motion to recall and quash the writ of execution was therefore properly denied.

The order denying the motion to recall and quash the writ of execution is affirmed.

Pullen, P. J., and Plummer, J., concurred.