[Civ. No. 10699.   Second Appellate District, Division One.—October 14, 1936.]

BESSIE H. WILLIAMS, Appellant, v. F. C. GOODIN et al., Defendants; C. B. KEISER, Respondent.

Ingall W. Bull and Franklin B. MacCarthy for Appellant.

Kiggens & Hoffman for Respondent.

YORK, J.—Plaintiff appeals from an order denying her motion for the enforcement of a money judgment after a lapse of five years from the date of its entry, and the issuance of execution thereon, pursuant to section 685 of

the Code of Civil Procedure, against defendant Keiser, one of the judgment debtors in the above-entitled action, it appearing from the record that defendant Goodin had left the jurisdiction of the court.

The judgment for $1809.75 and costs was entered on March 9, 1911, and on May 11, 1911, a writ of execution issued which was returned by the sheriff wholly unsatisfied. On June 29, 1914, an *alias* writ of execution issued, which was also returned unsatisfied, but defendants at that time were examined under proceedings supplemental to the execution, which failed to reveal any property subject to levy thereunder. The validity and amount of the judgment are not questioned, nor the fact that it remains unsatisfied.

Appellant on September 30, 1935, moved the court for an order to enforce and carry into execution the aforesaid judgment, having given due notice thereof to the respondent Keiser, pursuant to the provisions of section 685 of the Code of Civil Procedure, as amended in 1933. (Stats. 1933, p. 2499.) This motion was supported by memorandum of points and authorities and an affidavit of the attorney for appellant which briefly summarized the history of the case, and attached to which was a letter written to him by respondent's former wife, upon which he apparently based his affidavit in support of the motion, although nowhere in his affidavit does he attest to the fact that he believed the facts set forth in said letter were true. In opposition to the motion, respondent filed his affidavit stating that he had been a resident of Los Angeles continuously from the date of the entry of the judgment to the time of making the affidavit in question; that he had received inheritances in the years 1918 and 1931 which could have been disclosed to appellant by a supplemental proceeding; that up until the year 1929 he was an able-bodied man in good health and capable of following a gainful occupation; that in the year 1929 respondent became afflicted with diabetes from which he has been a constant sufferer; that in May, 1934, and in September, 1935, he suffered strokes and as a result thereof, respondent at the time he made the affidavit here involved was not capable of following any gainful occupation, but was then entirely dependent for his living upon such few assets as he then possessed.

Upon hearing, the motion was denied. ▇ Appellant now contends that the order denying such motion should be reversed because, "(1) if the trial court had any discretion in passing upon the motion that discretion was abused; (2) under the 1933 amendment to section 685 of the Code of Civil Procedure plaintiff and appellant was entitled to an order for the issuance of execution upon showing compliance with section 681, C. C. P., as a matter of right."

Whether a dormant judgment shall be enforced is a matter within the sound discretion of the trial court. (11 Cal. Jur., sec. 12; *Faias* v. *Superior Court*, 133 Cal. App. 525, 530 [24 Pac. (2d) 567]; *Blumer* v. *Madden*, 128 Cal. App. 22, 26 [16 Pac. (2d) 319]; *Palace Hotel Co.* v. *Crist*, 6 Cal. App. (2d) 690 [45 Pac. (2d) 415].) In the absence of an abuse of such discretion, this court cannot interfere with the judgment of the trial court.

It was said in the case of *Tolle* v. *Doak*, 12 Cal. App. (2d) 195, at page 197 [55 Pac. (2d) 542]: "It has been the law of this state since 1861 that the superior court has power to order the issuance of execution on a judgment which became final more than five years before the application therefor. Prior to 1933 such application could be made *ex parte*. In that year (Stats. 1933, p. 2499) section 685 of the Code of Civil Procedure was amended to add to the provision that a judgment 'may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court upon motion', the requirement 'and after due notice to the judgment debtor' . . . as the statute is silent as to the manner of giving notice, personal service is required." The notice required by such amendment was complied with in the case before us.

In the case of *Shields* v. *Superior Court*, 138 Cal. App. 151 [31 Pac. (2d) 1045], decided in 1934, the petitioner sought a writ of mandate to compel issuance of a writ of execution on a decree of divorce awarding alimony and support for children, contending that she was entitled thereto as a matter of right. Respondents claim that the provisions for support were not enforceable by execution in the same manner as an ordinary money judgment under sections 681 and 685 of the Code of Civil Procedure, but that said provisions were enforceable only in the discretion of the trial

court under section 140 of the Civil Code. It was there said, at page 153: "Under said section 685, a writ of execution may be had upon a judgment only 'by leave of court' after the lapse of five years *from the date of its entry*'. The decree here was entered in 1924 and the motion for the issuance of execution was made in 1934, approximately ten years after the entry of the decree. Under either view, petitioner was not entitled to a writ of execution as a matter of right at the time the motion was made, but only in the discretion of the trial court. Assuming that sections 681 and 685 of the Code of Civil Procedure are the sections providing for the manner of enforcement as contended by petitioner, she was not entitled thereunder to the issuance of execution as a matter of right after the lapse of five years from the date of the entry of the decree."

It therefore appears that appellant was not entitled as a matter of right to an order for the issuance of a writ of execution upon showing compliance with section 681 of the Code of Civil Procedure, especially in view of the fact that over twenty-one years had elapsed since she had complied with said section.

A perusal of the record before us compels the conclusion that there was no abuse of discretion on the part of the trial court in denying the motion to issue execution.

Since we are upholding the action of the trial court, and because the question has not been raised by either party to this appeal, we are not taking into consideration or deciding whether that portion of section 685, *supra*, relating to the revivor of a judgment for the recovery of money, "which shall have been barred by limitation at the time of the passage of this act", reenacted by the amendment to said section in 1933, would preclude the court from making the order appealed from.

The order is affirmed.

Doran, J., concurred.

HOUSER, P. J., Dissenting.—I dissent. It is well-established law that before a sound discretion may be exercised, it is necessary that sufficient and material facts be presented upon which the judgment of the court may operate. With

that principle of law in mind, a careful reading of the affidavit of the judgment debtor would seem to disclose the existence of no material fact that properly might be used as a basis for the denial of the motion. It should be apparent that the fact that the judgment debtor was a continuous resident of Los Angeles County furnished no sufficient reason for the exercise of discretion in denying the motion; neither did the circumstance that the judgment debtor at some time had received certain inheritances, and that by the timely use of supplementary proceedings the judgment creditor might have discovered that fact. In addition thereto, for aught that appears herein, those inheritances may have been received in some foreign state; of which fact the judgment creditor probably knew nothing. At any rate, if ever received by the judgment creditor within this state, the date of such receipt was long after that within which execution could have been levied as a matter of right within the terms of the statute. Moreover, in his application to the trial court for an order of examination of the judgment debtor supplementary to the execution of the judgment, unless the judgment creditor could have made affidavit to some facts which were both new and material, and consequently which were not contained within his affidavit that presumably was used on his former application for such an order, nor at that time reasonably available to the judgment creditor, ordinarily he would have been unable to obtain a new order for a second examination of the judgment debtor. Certainly the remaining facts contained in the affidavit made by the judgment debtor and which were submitted as a reason why the motion should be denied, had no materiality whatsoever to the exercise of discretion by the trial court in acting upon the motion. It would seem to be self-evident that because "that up until the year 1929 he was an able-bodied man in good health and capable of following a gainful occupation; that in the year 1929 respondent became afflicted with diabetes from which he had been a constant sufferer; that in May, 1934, and in September, 1935, he suffered strokes and as a result thereof, respondent at the time he made the affidavit here involved was not capable of following any gainful occupation, but was then entirely dependent for his living upon such few

assets as he then possessed", presented not the slightest legal reason for depriving the judgment creditor of that which rightfully belonged to him.

The correct principle for the exercise of sound discretion is set forth in the case of *Bailey* v. *Taaffe,* 29 Cal. 422, and thereafter quoted with approval in the case of *Demens* v. *Huene,* 89 Cal. App. 748, 753 [265 Pac. 389]. In the former case it was said:

"The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates."

According to the record herein, appellant made a showing to the trial court that in all respects complied, not only with the plain terms of statutory demands, but also with all requirements that from time to time have been suggested in the several judicial constructions of the pertinent statute by the appellate courts of this state. To my mind, no sound reason existed for the denial to the judgment creditor of the rights which were intended to be secured to him by the statute.

With reference to the point suggested in the last paragraph of the prevailing opinion herein, to wit, that the motion properly might not have been granted because of the provisions of the statute (reenacted in 1933) to the effect that there may be no revivor of a money judgment that has been barred by limitations "at the time of the passage of this act",—the authorities clearly are to the effect that when a revising or amending statute is intended as a substitute for an original statute, the effect is simply to continue in force that which is reenacted. Consequently, since the identical language with reference to revivor of the judgment appears in the original statute, clearly the point is not available to the judgment debtor in the instant matter. (23 Cal. Jur. 683, sec. 73; vol. 10, p. 384, Cal.

Jur. Supp.; and authorities respectively cited; *Pierce* v. *County of Solano,* 62 Cal. App. 465, 468 [217 Pac. 545]; *Shearer* v. *Flannery,* 68 Cal. App. 91 [228 Pac. 549].)