[Civ No. 10814. First Appellate District, Division Two.—September 27, 1938.]

JOHN J. GREELEY, Respondent, v. SUEY SING BENEV-OLENT ASSOCIATION, Appellant.

Devine & Devine and Anthony S. Devoto for Appellant.

Marion Vecki for Respondent.

SPENCE, J.—Defendant appeals from an order of the trial court directing the issuance of execution.

The judgment was obtained by John J. Greeley in 1918. John J. Greeley died in 1923 and in 1937 the motion for the issuance of execution was made by his administratrix under the provisions of section 685 of the Code of Civil Procedure. The affidavit in support of said motion set forth that the judgment in the sum of $2,360.74 had never been paid and that it remained wholly unsatisfied; that no execution had been issued upon said judgment for the reason that no property of the defendants, or either of them, was discovered upon which execution could be levied and that a levy of execution would have been a futile act; that John J. Greeley made many and frequent efforts during his lifetime to collect said judgment and made due and diligent efforts to locate property of the judgment debtors; that said John J. Greeley searched the records in the office of the county recorder and county assessor in the city and county of San Francisco, but after due and diligent search, was unable to discover any property belonging to said judgment debtors during his lifetime; that since the death of said John J. Greeley, the affiant had continued the efforts to locate property of the judgment debtors, but was unable to locate any property until May, 1937. The affiant further alleged on information and belief that defendant Suey Sing Benevolent Association had certain property which could be subjected to the payment of the judgment but that said defendant had concealed its assets in order to prevent the satisfaction of said judgment.

The defendant Suey Sing Benevolent Association filed several affidavits in opposition to said motion. In said affidavits it was alleged that "so far as known to affiant", said defend-

ant had never concealed any property or taken any action for the purpose of evading said judgment; that throughout a period of a number of years or for "many years last past", or "so far as known to affiant", said defendant had "carried on its affairs and now continues to carry on its affairs in a customary and usual manner and without any devices, frauds, methods or schemes directed toward the end of defeating payment of said judgment"; and that affiants knew nothing of said judgment until September, 1937. There was no allegation in any of said affidavits showing that any payment had been made upon said judgment. Nor was there any allegation in any of said affidavits showing the nature of the business of said defendant or showing that said defendant ever had any property at any time out of which said judgment could have been satisfied.

The motion was submitted on said affidavits and the trial court made its order directing the issuance of execution for the amount of said judgment together with interest.

Appellant first contends that the trial court "had no power" to order the issuance of execution, but we find no merit in this contention. Appellant cites the 1933 amendment to said section 685 and particularly the language in the last clause of the section which reads as follows: "but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act". This clause appeared in identical language in said section prior to the 1933 amendment. It was therefore merely continued in force by its reenactment in 1933 and the words "the time of the passage of this act", contained in said clause both before and after the 1933 amendment, related to the time the enactment of said clause in that form in 1895 and not to the time of its reenactment in the same identical form in 1933. We are in accord with the discussion of this subject by Mr. Justice Houser in the dissenting opinion in *Williams* v. *Goodin,* 17 Cal. App. (2d) 62, at pages 67 and 68 [61 Pac. (2d) 507], where it is said "the authorities clearly are to the effect that when a revising or amending statute is intended as a substitute for an original statute, the effect is simply to continue in force that which is reenacted. Consequently, since the identical language with reference to revivor of the judgment appears in the original statute, clearly the

point is not available to the judgment debtor in the instant matters. (23 Cal. Jur. 683, sec. 73; vol. 10, p. 384, Cal. Jur. Supp.; and authorities respectively cited; *Pierce* v. *County of Solano,* 62 Cal. App. 465, 468 [217 Pac. 545]; *Shearer* v. *Flannery,* 68 Cal. App. 91 [228 Pac. 549].)'' The majority opinion in that case refrained from considering this point as the question was not raised by the parties and the majority opinion sustained the action of the trial court denying the motion upon other grounds.

Appellant further contends that no sufficient reason appeared in the affidavit accompanying the motion for failure to have proceeded in compliance with section 681 of the Code of Civil Procedure and that the trial court abused its discretion in ordering execution to issue under the circumstances presented. We believe this contention to be likewise without merit. Section 681 provides that a party may have a writ of execution issued for the enforcement of a judgment at any time within five years. Section 685 provides that a judgment may be enforced or carried into execution thereafter by leave of court upon motion accompanied by an affidavit ''setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code''. It also provides that, ''The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion.'' In our opinion, the trial court did not abuse its discretion in accepting the reasons set forth in the above-mentioned affidavit as sufficient and in ordering the execution to issue. (*McClelland* v. *Shaw,* 23 Cal. App. (2d) 107 [72 Pac. (2d) 225]; *Corcoran* v. *Duffy,* 18 Cal. App. (2d) 658 [64 Pac. (2d) 735]; *Mohr* v. *Riccomi,* 14 Cal. App. (2d) 416 [58 Pac. (2d) 659]; *County of Los Angeles* v. *Forrester,* 12 Cal. App. (2d) 146 [55 Pac. (2d) 277].) It appears settled from the authorities cited that the question of whether execution should issue after five years is largely a matter within the sound discretion of the trial court and that the appellate courts will interfere only where it appears that there has been a clear abuse of such discretion. And as was said in *McClelland* v. *Shaw, supra,* quoting from other authorities at page 111, ''If it be doubted whether the excuse offered is sufficient or not . . . when examined under rules of law by which judges are guided

to a conclusion, the judgment of the court below will not be disturbed.''

■ The final contention of appellant is that the trial court abused its discretion in ordering execution to issue for the amount of the judgment together with interest thereon, which interest exceeded the amount of the original judgment. The only authority cited by appellant is *Mohr* v. *Riccomi, supra,* where the point was not raised on the appeal. It is true that the trial court there made an order for the issuance of execution conditioned upon the filing of a written waiver of interest. Assuming, without deciding, that a trial court has the power to make such a conditional order, we find no abuse of discretion on the part of the trial court here in ordering execution to issue for the amount of the judgment together with interest.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1938.