[Civ. No. 6454.   Third Appellate District.—January 28, 1941.]

ELAINE T. SMITH, Appellant, v. SIDNEY V. SMITH, Jr., Respondent.

Charles A. Wetmore, Jr., Treadwell & Laughlin and Robert A. Grantier for Appellant.

Loyd R. Hewitt and James R. McBride for Respondent.

PULLEN, P. J.—A modified final decree of divorce between the parties hereto was entered on July 14, 1936, wherein defendant was required to make certain monthly payments to plaintiff as alimony, and to pay to plaintiff the sum of $500 for legal expenses.   Thereafter defendant, having failed to pay this sum of $500, was cited for contempt, but after a hearing the same was dismissed.

On May 27, 1938, a motion for execution upon the modified final decree of July 14, 1936, was heard and denied. From that order this appeal is taken on the ground the evi-

dence was insufficient to support the findings that there was not due to plaintiff the sum of $500 for legal expenses; that any sum had been paid on account thereof; that plaintiff had, for a consideration, released or discharged the defendant from the payment thereof, or that any of the matters therein involved had been previously adjudicated in the contempt proceeding, or that the judgment in the contempt proceedings was a bar to these proceedings.

The determination of this case depends largely upon the effect of a receipt given by plaintiff to defendant in these words: "Received of Sidney V. Smith Jr. all moneys due to date under any and all orders in the above entitled matter, including the order made by Judge Dierup on the 14th day of July 1936, from which an appeal was taken by the above entitled defendant. Dated June 8, 1937.

"ELAINE T. SMITH DEWITT,
"Plaintiff."

This receipt and $200 had been sent to Mr. Eugene D. Bennett, an attorney in San Francisco by the attorney of defendant, and he was directed to deliver to plaintiff the $200 upon her signing the receipt. On June 8, 1937, plaintiff called at the office of Mr. Bennett and offered to sign the receipt. Mr. Bennett expressed the desire to discuss the matter with Mr. Treadwell, her attorney, but she said such was unnecessary. Nevertheless, Mr. Bennett called the office of Mr. Treadwell, but he was out of town. He then explained to the secretary for Mr. Treadwell the request of plaintiff that he, Mr. Bennett, had been directed to pay her the $200, and that in view of the request and his instructions he would have to do so. Plaintiff then signed the receipt and Mr. Bennett gave her the $200. Plaintiff claims she did not know her release covered the matter of attorney fees or that she had anything to do with that matter, but there is no claim here of undue influence or any misrepresentation. In fact there is no evidence of anything of that nature, and the language of the receipt seems clear and comprehensive.

It is to be noted, however, that she knew there was only $125 due on the delinquent installments of alimony at that time, and she does not clearly state what she believed the remaining $75 was for. In addition to this $200 defendant orally promised that he would terminate proceedings to appeal from an order of the court, and the appeal was subse-

quently dismissed. Plaintiff denied any such agreement, but the evidence upon that subject is conflicting and the trial court having found in favor of defendant, its finding will not be disturbed by us.

It is now urged by defendant that the release of a judgment in consideration of the payment of a part thereof is not binding, and cites among other cases, *Siddall* v. *Clark*, 89 Cal. 321 [26 Pac. 829]. There a note was given in payment of a judgment for a larger amount, and the court held that a payment of a part of the amount due upon a money judgment under an agreement that it shall operate as satisfaction in full will not discharge the judgment. Here, however, in addition to the sum of $200, was a promise by defendant to forego his right to appeal. Forbearance to sue, or the giving up of a legal right is sufficient consideration. (*Wells, Fargo & Co.* v. *Enright*, 127 Cal. 669 [60 Pac. 439, 49 L. R. A. 647].)

Appellant also claims the testimony of defendant as to the transaction between the parties, being directly contrary to his written statement in a letter to his former wife, cannot support a finding. However, the trial court apparently believed defendant when he testified his letter had nothing to do with the $200 settlement. In examining the letter of July 15, 1937, written about a month after the issuance of the receipt, we cannot find that it throws any light either way in interpreting the receipt. It reads: "As to the money paid you and the $150.00 note, the original agreement was that if I paid you that, you were, in consideration, to sign and to have your attorney sign a stipulation reducing the court order here to $75.00 per month. This you failed to do. However, I sent you down $200.00 when you telephoned you were in great distress, and you promised that as soon as you could you would go ahead with your end of the agreement. The only difference between my agreement with you and the one drawn up by your attorney Treadwell was the amount of money involved,—$350.00 against $500.00 . . . ". Defendant testified, "It would take a lot of explaining all that letter meant. It was previously agreed that it has nothing to do with the $200.00 settlement at all."

It is not for this court to weigh the evidence or pass upon the credibility of the witnesses.

The order is affirmed.

Thompson, J., concurred.