MERLEY et al. v. BOULON et al.

No. 15,630; September 29, 1894.

37 Pac. 931.

**Appeal.**—A Notice of Appeal Stating That the Appeal is from an "order" denying a motion for a new trial, and from an "order" denying a motion to set aside the judgment, a description of which is given, and "from the whole thereof," is insufficient as to notice of appeal from the "judgment."

APPEAL from Superior Court, San Francisco County; J. C. Hebbard, Judge.

Action by one Merley and others against one Boulon and others. There was a judgment for defendants and plaintiffs appeal. Dismissed.

Smith & Murasky for appellants; Pillsbury, Blanding & Hayne for respondents.

DE HAVEN, J.—The notice of appeal herein is addressed to the attorneys for respondents, and is in the following words: "You will please take notice that the plaintiff substituted in the above-entitled action hereby appeals to the supreme court of the state of California from the order denying plaintiff's motion for a new trial, and from an order of said court denying plaintiff's motion to set aside the decision and judgment in the action, which said judgment was therein entered in the said superior court on the sixteenth day of December, 1891, in favor of the defendants in said action and against plaintiffs, and from the whole thereof." The appeal from the orders named in this notice was dismissed by this court, February 6, 1893; and the appellant now claims that the notice above set out is sufficient as a notice of appeal from the judgment therein described, and he insists upon his right to be heard upon such appeal. This contention cannot be sustained. The notice of appeal is certainly very awkwardly constructed, but is not ambiguous, and it cannot possibly be construed as an appeal from the judgment therein mentioned. It says nothing about an appeal from the judgment, but gives notice

only that the plaintiff ''appeals to the supreme court . . . . from the order denying plaintiff's motion for a new trial, and from an order of said court denying plaintiff's motion to set aside the decision and judgment in the action''; and then follows a description of the judgment to which the said motion of plaintiff related; and the notice then concludes with the words ''and from the whole thereof.'' These latter words refer to the orders previously mentioned, and indicate that the appeal is from the whole and not a part of said orders.

While notices of appeal should be liberally construed, and no appeal should be dismissed because of any misdescription of the judgment or order to which it relates, unless it appears that the respondent has been misled by such misdescription, still this rule is not liberal enough to justify us in holding that the above notice of appeal is or was intended as an appeal from a judgment. In order to constitute such a notice, the paper relied on for that purpose should at least state that the appeal is taken from a judgment; and this, considering the fact that it is not difficult to find words to properly express such an intention, is not a harsh rule. It follows from these views that the cause is not properly on our calendar, the only appeal in the case having already been disposed of; and for this reason the submission thereof is set aside, and the cause stricken from the calendar. So ordered.

We concur: McFarland, J.; Fitzgerald, J.