[L. A. No. 1890.    In Bank.—July 8, 1907.]

## JENNIE BREDFIELD, Respondent, v. J. HANNON et al., Defendants, and LAURA HANNON, Appellant.

JUDGMENT FOR MONEY—ENFORCEMENT AFTER FIVE YEARS—SECTION 685 OF CODE OF CIVIL PROCEDURE—APPLICATION TO EXISTING JUDGMENTS —DOEHLA v. PHILLIPS, ANTE, P. 488, AFFIRMED.—*Doehla* v. *Phillips, ante,* p. 488, affirmed as to the construction to be given to the amendment of 1895 to section 685 of the Code of Civil Procedure as to its applicability to money judgments in existence at the time of the passage of the amendment and not then barred by limitations, and as to the procedure for carrying such judgments into effect.

ID.—MOTION TO RECALL EXECUTION—COUNTER AFFIDAVIT BY JUDGMENT CREDITOR—NOTICE.—On a motion by a judgment debtor to set aside an order for execution made under section 685 of the Code of Civil Procedure, it is not error to permit the judgment creditor to file a counter affidavit without previous notice or service upon the judgment debtor. If the latter had desired to file an affidavit in rebuttal, a request for time so to do should have been made.

APPEAL from an order of the Superior Court of Los Angeles County refusing to recall an execution. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, for Appellant.

F. B. Guthrie, for Respondent.

SHAW, J.—On September 26, 1891, the plaintiff recovered judgment in the superior court against J. Hannon, Laura Hannon, and E. W. Reid, for five hundred and sixty dollars. Noth-

CLI Cal.—32

ing was paid on the judgment, and thereafter, on June 19, 1905, upon application of plaintiff, made without notice to the defendants or either of them, the court made an order that an execution issue upon the judgment against the defendants, and upon the same day an execution was issued in accordance with the order. Thereafter, upon notice duly given, the defendant Laura Hannon moved the court to set aside the order for the issuance of the execution. The motion came on for hearing upon affidavits and a counter affidavit, and was denied by the court. From this last order the defendant Laura Hannon appeals.

It is not claimed that the judgment has been paid. At the time it was rendered, and for a long time afterward, the defendants had no property, and the issuance of an execution would have been fruitless and would have entailed useless expense. The plaintiff did not discover that the defendant Laura Hannon had acquired any property until a short time before the execution was issued.

The following propositions are established in the case of *Doehla* v. *Phillips, ante,* p. 488, [91 Pac. 330], this day decided: 1. The amendment of 1895 to section 685 of the Code of Civil Procedure, whether technically retroactive, as that word is used in section 3 of the Code of Civil Procedure, or not, is applicable to all judgments then existing and not barred by the statute of limitations at the time the amendment was passed. 2. Notice to the defendants of the time and place of the hearing of the motion for leave to have the execution issued was not necessary. (See, also, *Harrier* v. *Bassford,* 145 Cal. 532, [78 Pac. 1038], and *Bryan* v. *Stidger,* 17 Cal. 270.) 3. The general statutes of limitations apply only to actions and to special proceedings of a civil nature, and they do not apply to motions of this character, under section 685, for leave to issue an execution. The right to make the motion was not barred by any of the provisions of the statute of limitations. 4. The amendment does not impair the obligation of contracts and is not unconstitutional. 5. No abuse of discretion by the court is shown, nor did the delay, under the circumstances, constitute such laches on the part of the plaintiff as to defeat her right to the execution.

We will add that there was no error in permitting the plaintiff at the time of the hearing to file a counter affidavit without

previous notice or service upon the defendant. If the defendant so desired, she might have asked for further time to file an affidavit in rebuttal, and, if good reason for delay was shown, doubtless the court would have given her time. She did not make any application.

These propositions are decisive of this case and fully support the action of the court below. We refer to *Doehla* v. *Phillips, ante,* p. 488, for a full discussion of the above questions.

The order is affirmed.

Sloss, J., McFarland, J., Angellotti, J., Henshaw, J., Lorigan, J., and Beatty, C. J., concurred.