[L. A. No. 2566. Department Two.—April 21, 1911.]

## SOPHIE B. WELDON, as Executrix of the Last Will and Testament of T. J. Weldon, Deceased, Respondent, v. RALPH ROGERS, Appellant.

JUDGMENT—EXECUTION AFTER FIVE YEARS FROM ENTRY—JURISDICTION TO GRANT ORDER FOR EXECUTION FOR DEFICIENCY.—Under section 685 of the Code of Civil Procedure, providing that "in all cases, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings," the fact that· the court had made an order for the issuance of an execution, under which the judgment had been partially satisfied, does not deprive it of jurisdiction to make a subsequent order for execution for the deficiency.

ID.—DISCRETION TO GRANT ORDER—FACTS ARISING AFTER JUDGMENT ONLY TO BE CONSIDERED.—In the exercise of its discretion to grant or to refuse the order contemplated by section 685 of the Code of Civil Procedure, the court has no right to consider the facts appearing at the trial of the case, or any of the circumstances leading up to the judgment. The court's discretion must be guided by the circumstances arising after .the entry of judgment.

APPEAL from an order of the Superior Court of Los Angeles County made under the provisions of section 685 of the Code of Civil Procedure to enforce a judgment by the issuance of an execution for a deficiency. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, for Appellant.

Louis Luckel, and J. W. McKinley, for Respondent.

MELVIN, J.—This is an appeal by defendant from an order made under the provisions of section 685 of the Code of Civil Procedure to enforce a judgment by the issuance of an execution for a deficiency remaining after sale under a previous execution similarly obtained. A brief history of the many phases of this protracted litigation may be found in the opinion in *Weldon* v. *Rogers,* 157 Cal. 410, [108 Pac. 266]. On that appeal this Department sustained the issuance by the superior court of an order in the nature of a writ of *venditioni exponas.* Acting under the authority of that order the sheriff sold the property which he held under the previous levy and partially satisfied the judgment. The order now brought here for review is similar to the one granted in 1905 by authority of which execution issued on April 10th of that year after the judgment was about fourteen years old.

Appellant contends that the court exhausted its jurisdiction to order execution under the authority conferred by section 685 of the Code of Civil Procedure when it acted in 1905 granting respondent's previous motion; and that, even conceding the court's right to make another order like the one now before us, there was an abuse of discretion in the present instance. Upon the first point of controversy we think that the statute itself is a complete answer to appellant's objection. The authority granted is very broad. Under it the court may even grant the prayer for a writ of execution when an independent action on the judgment itself would be barred by the statute of limitations. (*Doehla* v. *Phillips,* 151 Cal. 494, [91 Pac. 330].) Section 685 of the Code of Civil Procedure provides that "in *all cases* the judgment may be enforced" as there set forth and clearly the quoted language would apply as aptly to partially satisfied judgments as to those entirely unsatisfied.

Appellant's other point raises this question: Has the court in the exercise of its discretion to grant or to refuse the order contemplated by section .685 of the Code of Civil Procedure the right to consider the facts appearing at the trial of the case or any of the circumstances leading up to the judgment? We think this question must be answered in the negative. Any other answer would give to a superior court a power to review and to determine the correctness or propriety of one of its own judgments of long standing which no appellate

tribunal possesses. We think it clear that the court's "discretion" mentioned in such cases as *Wheeler* v. *Eldred*, 121 Cal. 30, [66 Am. St. Rep. 20, 53 Pac. 431], must be guided by the circumstances arising after the entry of judgment. Appellant insists that unless the judge who hears the motion may look into the whole matter and determine whether or not a judgment is one which in good conscience ought to be enforced, there will be nothing upon which his discretion may operate. But we think there may be many matters arising after judgment which might properly appeal to the court's discretion in granting or refusing the order. Such things, for example, as the petitioner's laches or his manifest intention to annoy the judgment debtor by execution upon a judgment which had been satisfied to within a few cents of the whole amount involved, might properly cause a denial of the motion by the court; while conduct by the judgment debtor, such as frivolous and illfounded proceedings taken for the manifest purpose of delaying the judgment creditor in the enforcement of his rights might well influence the court in permitting the execution of the dormant judgment. No abuse of discretion by the court appears from the record before us.

Therefore, the order from which this appeal is taken is affirmed.

Henshaw, J., and Lorigan, J., concurred.