[Civ. No. 4901.  Second Appellate District, Division Two.—March 6, 1928.]

V. P. DEMENS, Appellant, v. E. A. HUENE et al., Respondents.

H. L. Sacks and Harold N. Nuzum for Appellant.

Stutsman & Stutsman for Respondents.

STEPHENS, J., *pro tem.*—Judgment was awarded plaintiff against defendants on June 24, 1915. On January 30, 1924, upon *ex parte* application and upon presentation of affidavit that no part of the judgment had been paid and that deponent was informed and believed that defendants had property not exempt from execution which should be applied upon the judgment, the trial court ordered that execution issue. Pursuant to this order execution issued and a motion to recall the same was made upon notice on the 11th of February, 1924. This motion was made upon affidavit and was based upon the ground of inadvertence. Thereafter the court made an order vacating the order of January 30th and the execution was recalled. Notice of motion was subsequently served upon defendants that plaintiff would on February 15, 1924, move the court to reconsider its order of February 11th and to deny the motion to vacate the order of January 30th. A hearing was had on February 15th, whereupon plaintiff moved in open court for a rehearing or a reconsideration of the order of February 11th upon two different grounds—upon errors of law as to laches and upon the point that no summons and complaint had been served. Nothing relative to the latter was done at the hearing. On March 4, 1924, the court caused the following minute order to be entered: "The ruling on the motion to set aside the order of the court to recall execution having been heretofore submitted on February 15, 1924, it is now ordered that said motion to set aside the order made herein under date of February 11, 1924, be denied and that such order recalling execution herein shall stand as entered." On the same date a formal order was made and entered recalling and vacating the order authorizing the issuance of execution.

Plaintiff appeals "from the judgment made and entered in the said superior court in the above entitled action on the fourth day of March, 1924, in favor of the defendants and against said plaintiff, and from the whole thereof." Defendants argue that the appeal should be dismissed upon the ground that it is taken from the order signed March

4th, while appellant claims in his briefs that the appeal is from the minute order of February 11th. It is apparent from the record that the hearing of February 15th was as to whether or not the court should reconsider its order of February 11th, which order had never been suspended. When this question was submitted for decision counsel for plaintiff handed the court a form of order to be signed, which covered the exact ground of the minute order of February 11th. After consideration of the submitted question the court on March 4th caused a minute order to be entered to the effect that the original order of February 11th should not be disturbed. That this form of order was intended only as a more formal record of the order of February 11th is apparent from the fact that it was handed to the court at the conclusion of the hearing of February 15th. It was dated "February," but was changed by the judge to the date of signing. The court, coincident with the last referred to minute order, caused the formal order to be filed, and it was signed by him as of March 4th. This order further decrees that the sale of the executed property set for February 14th should be postponed. Had it been intended as the evidence of a new order made March 4th, it would not have contained an order of postponement of an act that was to have been performed about three weeks prior to the making of such order.

The act of the court is the real order, and the recording in the minutes and the signing of the order were but evidences of the order made. As was said in *Von Schmidt* v. *Widber*, 99 Cal. 514, 515 [34 Pac. 110, 111] : " . . . nor is there any provision of law which requires all the orders of a court to be entered at length in its minutes, in order that they may be effective, and by section 1003 of the Code of Civil Procedure, every direction of a court or judge is an order whether it is merely made in writing or entered in the minutes. . . . It is essential, however, that the action of the court be made a matter of record, in order that there may be no uncertainty as to what its action has been, and for this purpose it is customary, as well as expedient, to have its acts entered in the minutes kept by the clerk; but if the order is formally prepared and signed by the judge, and made a matter of record by filing with the clerk, the same end is at-

tained as if it were spread at length upon the minutes of its daily transactions. As was said in *Niles* v. *Edwards,* 95 Cal. 47 [30 Pac. 136] : 'The action of the court does not depend upon the entry of its orders by the clerk, but upon the fact that the orders have been made, and whenever it is shown that an order has been made by the court, it is as effective as if it had been entered of record by the clerk.' '' See, also, *Tracy* v. *Coffey,* 153 Cal. 356 [95 Pac. 150].

It is apparent that the appeal is taken from the decision of the court which is identified in this instance by the signed memorandum thereof. In the case of *Foss* v. *Johnstone,* 158 Cal. 119 [110 Pac. 294], Mr. Justice Shaw says, at page 123 : ''With respect to the order, the notice of appeal states that Johnstone appeals 'from the order made and entered in the minutes of said court on the 7th day of April, 1909, denying the motion of the said defendant, John Johnstone, Jr., for a new trial of said action.' The order was not made on that date, but was made on July 30, 1909. It is settled that a mistake in the notice of appeal as to the date of the order or judgment appealed from does not invalidate the appeal, where there is a description of the order or judgment referred to, in other parts of the notice, reasonably sufficient to identify it.'' (Citing authority.)

In *Estate of Stone,* 173 Cal. 675 [161 Pac. 258], the notice stated that the appeal was taken ''from the judgment on the verdict of the jury made and entered in the superior court . . . on the 27th day of April, 1916.'' The jury's verdict was received on such date, but the judgment was not entered until June 10th. The court declined to dismiss the appeal on this ground.

The case of *Meley* v. *Boulon,* 104 Cal. 262 [37 Pac. 931], announces the rule to be that ''notices of appeal should be liberally construed, and no appeal should be dismissed because of any misdescription of the judgment or order to which it relates, unless it appears that the respondent has been misled by such misdescription.'' There is no claim that respondent has been misled or even inconvenienced in the slightest degree in the instant case.

Respondent claims that the appeal is not based upon an appealable order, but there is nothing in the point. It seems to be now the settled rule in this state that any special

order made after final judgment affecting such judgment, although not dependent upon it, is an appealable order. . . . If such an order is not one made after final judgment from which an appeal will lie, then it is not difficult to conceive how a trial court could, in cases of which this court has appellate jurisdiction, make many different kinds of erroneous orders of the most oppressive and ruinous character, from which the law would afford absolutely no relief.'' (*Magee* v. *Superior Court,* 10 Cal. App. 161, 162 [101 Pac. 535].) There are numerous appeals in the supreme and appellate court reports from orders identical with the one we are here concerned with, and their propriety has never been questioned, as far as we know.

There appears in the transcript a so-called statement of facts, which, omitting the title, reads:

''This cause came on regularly for hearing in Dept. 26 before Honorable Paul Burks presiding on the 11th day of February, 1924.

''Upon hearing arguments by counsel for plaintiff and defendant and upon reading the affidavits submitted, this court found that the plaintiff was guilty of laches in not enforcing the judgment within the five year period prescribed by law, and ordered the execution recalled.

''The court did not consider the question of service of summons at the time of the hearing nor subsequently at the hearing on the 15th day of February, 1924, of plaintiff's motion to set aside said order of February 11, 1924, recalling said execution.

''The court in making its order to recall the execution in the above action did so solely upon the ground of laches by the plaintiff and upon no other ground.''

■ The sole remaining question is as to whether or not the lower court abused its discretion when it ordered the vacation of the order authorizing the issuance of the execution, and this question must be determined from the law and the affidavits filed on the motion by both parties. The affidavit of the defendant Clara A. Huene states that she and her husband, judgment debtors, were engaged in conducting rooming-houses for many years, and that up until November, 1919, she owned and possessed ample personal property consisting of furniture and leases in and of several

apartment houses for varying periods in Los Angeles to have satisfied the judgment through execution, but that no effort was made to levy execution and no demand for payment was made; that up to such date plaintiff knew the above facts and knew or had means of knowing affiant's whereabouts. The affidavit of the defendant E. A. Huene states that he lived in Los Angeles June 24, 1915, and continually thereafter until June, 1918, during which time he possessed an automobile, well worth the amount of the judgment, which he used openly on the streets of Los Angeles, and that plaintiff knew or had means of knowing it; that no attempt to levy was made prior to January 30, 1924. Counter-affidavits were filed by plaintiff, but for the purpose of determining whether or not there has been an abuse of discretion it will be taken that these are the true facts. "It is true as claimed by the learned counsel for the respondents, that orders like the present, in legal parlance, rest very much in the discretion of the court below, and will not be disturbed by this court unless we are satisfied that the order is so plainly erroneous as to amount to an abuse of discretion. (Citing authorities.) The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis,* when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other." (*Bailey* v. *Taaffe,* 29 Cal. 422.)

It is the intent of the law, and it would seem the intent, as well, of good morals, that everyone being able should

pay his debts. Here we find the debt ripened into a judgment. Several years go by and it is not paid. The law does not contemplate that, the time of the statute of limitations having run, the liability to pay has completely passed. The motion made in this case is provided for by law. There must, then, be something added to the mere fact of the expiration of the time and that the judgment debtors were possessed of personal property, which would move the court to deny the right given by the statute, section 685 of the Code of Civil Procedure. As was said in *Hovey* v. *Bradbury,* 112 Cal. 620, at page 625 [44 Pac. 1077, 1078] : "Nor, when we come to view plaintiff's conduct generally, can there be seen any act or omission upon his part which would justify so stern a treatment of his claim as its rejection under the doctrine of laches. That doctrine, as has been said, is neither technical nor arbitrary. It is not designed to punish a plaintiff. It can be invoked only where to allow the claim would be, because of the claimant's own acts, to permit an unwarranted injustice. It looks to the peace of society, and not to the punishment of the claimant, even if he has been negligent."

And in *Carr* v. *Sacramento C. P. Co.,* 35 Cal. App. 439 [170 Pac. 446] : "Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another." (See, also, *Cahill* v. *Superior Court,* 145 Cal. 42 [78 Pac. 467], and *McGibbon* v. *Schmidt,* 172 Cal. 70 [155 Pac. 460].)

What are the circumstances, then, which could justly move the lower court to deny the benefit of this statute to the plaintiff? We are at a loss to find any. While we are aware that the mere citation of cases where execution has issued after a long lapse of time has occurred is not decisive of any question here, still it is well to observe whether or not the court in this case was in step with the best minds in the judiciary.

In *Weldon* v. *Rogers,* 151 Cal. 432 [90 Pac. 1062], fourteen years between entry of judgment and the issuance of execution had passed, but the authorization of the issuance of the execution under the statute was sustained against a motion to set it aside. Ten years had passed between judgment and the issuance of execution in *Harlan* v. *Harlan,*

154 Cal. 341 [98 Pac. 32], wherein the court said: "And the mere fact that plaintiff had allowed ten years to elapse without making any effort to compel payment affords no ground for the contention that the court abused its discretion in ordering execution to issue."

In *Doehla* v. *Phillips*, 151 Cal. 488 [91 Pac. 330], fourteen years had passed from the date of judgment to the issuance of execution, but the court observed (151 Cal., page 495 [91 Pac. 333]) : "We see no force whatever in the contention that in making the order for the issuance of the execution under the circumstances here appearing, the lower court was guilty of an abuse of the discretion confided to it. Admittedly, the judgment, which was for money loaned to the appellant, had never been satisfied in whole or in part, and no reason whatever appeared why in equity and good conscience he should not be compelled to pay the same. The failure of plaintiff to earlier enforce the judgment which appellant should and could have at any time voluntarily paid, was entirely without prejudice to any of his legal rights, and did not render the granting of the order an abuse of discretion. *Under such circumstances it would appear that the exercise of a sound discretion would require the enforcement of the judgment.*" (Italics ours.)

The case of *Brown* v. *Pacific Coast Agency*, 53 Cal. App. 788 [200 Pac. 977], is one where a motion to dismiss execution had been granted and then set aside, the same as in the instant case, but upon other grounds. The court said, 53 Cal. App., at page 791 [200 Pac. 979] : "It is also argued that the granting of the motion directing execution is within the discretion of the court, hence that the court could set aside the order at will. The right to have execution issue is statutory. Whatever discretion the court is given by the statute was exercised when the order for the enforcement of the judgment was made. An order so made can be set aside on legal grounds only. The only ground assigned in respondent's motion was that he was discharged by the release of his codebtors under section 1543 [Civ. Code]."

In the instant case the statement of facts upon which the court vacated the order authorizing the issuance of execution and recalled the execution certainly did not constitute "legal grounds"—that is, afford doubts upon which the

court's discretion as herein defined could act to deny the application of the benefits of the statute to the plaintiff.

The judgment vacating the order authorizing the issuance of execution and recalling such execution is reversed.

Craig, Acting P. J., and Thompson, J., concurred.