[Civ. No. 10218.  First Appellate District, Division Two.—January 25, 1937.]

C. J. CORCORAN, Respondent, v. D. M. DUFFY, Appellant.

Robert R. Moody for Appellant.

Clarence N. Riggins for Respondent.

SPENCE, J.—This is an appeal by defendant from an order directing execution to issue after the lapse of more than five years from the date of the entry of judgment.

The sole question to be determined upon this appeal is whether the trial court abused its discretion in making said order.

Section 685 of the Code of Civil Procedure was amended in 1933. We will set forth the portion of said section which is involved here, italicizing the words which were added by the 1933 amendment. "In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of court, upon motion, *and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for denial of the motion.*"

Section 681 of said code provides: "The party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement."

Plaintiff duly served his notice of motion accompanied by an affidavit showing that the judgment was entered on February 18, 1925; that execution was issued in 1927 and was returned unsatisfied; that nothing had been paid on said judgment; that the reason for his failure to proceed in compliance with said section 681 was that the defendant had repeatedly promised to pay said judgment and that plaintiff had not attempted to enforce the same because of his reliance upon said promises. Accompanying said affidavit as exhibits were three formal instruments signed by defendant, each entitled "Acknowledgment and Promise to Pay" and in each of which defendant acknowledged that he owed the amount of the judgment with interest to plaintiff and that he had paid nothing thereon. In each of said instruments defendant promised to pay the same without fixing any date for such payment. Each of said instruments recited "the undersigned gives this acknowledgment and promise in order that said indebtedness shall not be barred by any statute of limitations". Defendant filed an affidavit stating

"that he has not repeatedly, or at any time, promised to pay plaintiff said judgment" but admitting the execution of said instruments. No evidence was offered upon the hearing and the trial court granted the motion upon said affidavits.

We find no abuse of discretion upon the part of the trial court in granting said motion. (*Mohr* v. *Riccomi*, 14 Cal. App. (2d) 416 [58 Pac. (2d) 659]; *Weldon* v. *Rogers*, 159 Cal. 700 [115 Pac. 464]; *Harlan* v. *Harlan*, 154 Cal. 341 [98 Pac. 32]; *Doehla* v. *Phillips*, 151 Cal. 488 [91 Pac. 330].) It was conceded that nothing had been paid upon the judgment, and while the affidavits were conflicting in part, respondent's affidavit showed that he had not attempted to enforce said judgment by execution because of his reliance upon appellant's repeated promises to pay the same. Appellant made no claim that he was prejudiced by the delay nor did he set forth any facts showing that it would be inequitable to permit the enforcement of the judgment. The power of the trial court to exercise its discretion still exists since the 1933 amendment to said section 685 and there is nothing in said amendment "that in any manner changes the character of discretion to be exercised". (*Mohr* v. *Riccomi*, *supra*, p. 418.) The trial court's ruling upon the motion should not be disturbed in the absence of a showing of a clear abuse of discretion and we find no such showing in the present case.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.