[Civ. No. 11043. First Appellate District, Division Two.—May 3, 1939.]

ALEXANDER PEERS et ux., Respondents, v. A. G. STOLL et ux., Appellants.

Owen D. Richardson for Appellants.

Rea, Free & Jacka, Irvin A. Frasse and Robert E. Hatch for Respondents.

STURTEVANT, J.—In an action brought to foreclose a mortgage the defendants defaulted, a decree in favor of the plaintiffs was entered, a sale was had, and a deficiency judgment for $3,149.50 was entered April 5, 1918. No other proceedings were had until August 4, 1937, when the above-named plaintiffs applied to the court for an order directing execution to issue. (Code Civ. Proc., sec. 685.) They served and filed a written notice of their motion and at the same time served and filed an affidavit by G. R. Soule, the assignee of the judgment, in support of their motion. Thereafter the defendants served and filed an affidavit by A. G. Stoll, one of the defendants, in opposition to the motion. A hearing was had on the motion and the trial court caused an order to be entered granting said motion. From that order the defendants have appealed.

At this time the defendants contend the trial court abused its discretion in granting said motion. In the first place they contend the notice of motion was fatally defective because it did not state the grounds on which the motion would be made. (Code Civ. Proc., sec. 1010.) The record does not disclose that any objection to the form of the notice was made in the trial court. Such an objection may not be made in a court of review for the first time. Nothing to the contrary appearing in the record this court will assume that the defendants waived any objection, if they had any, to the form of the notice served upon them. (*Hecq* v. *Conner,* 203 Cal. 504, 506 [265 Pac. 180].) In the next place the defendants contend that the affidavit served on them was insufficient in not " . . . setting forth the reasons for fail-

ure to proceed in compliance with the provisions of section 681 of this code''. (Code Civ. Proc., sec. 685.) That is, they complain because the plaintiffs did not set forth any excuse for not taking out execution within five years after the entry of the judgment. The omission of the plaintiffs of which the defendants complain was not fatal. The effect of such omission is stated in the next sentence in section 685, ''The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion.'' But the motion was not denied—it was granted—therefore the defendants may not complain.

The third contention made under this point is that under the facts alleged in the affidavit of A. G. Stoll, and in view of the lapse of over nineteen years after the entry of judgment, the revivor of the judgment was an abuse of discretion. Before proceeding it should be kept in mind that properly speaking the record does not present a question of ''revivor of the judgment''. (34 C. J. 658; 15 Cal. Jur. 256, 257.) As addressed to the motion made by the plaintiffs the mere matter of delay is not necessarily material. In *Harlan* v. *Harlan*, 154 Cal. 341, at page 343 [98 Pac. 32], the court said: ''And the mere fact that plaintiff had allowed ten years to elapse without making any effort to compel payment affords no ground for the contention that the court abused its discretion in ordering execution to issue. (*Doehla* v. *Phillips*, 151 Cal. 488 [91 Pac. 330].)'' Nor do the other facts shown by the evidence indicate an abuse of discretion on the part of the trial court. It had the right to give, and in support of its order we must presume that it gave, little or no weight to those allegations in the affidavits made by the parties on information and belief. (*Gay* v. *Torrance*, 145 Cal. 144, 150 [78 Pac. 540]; *Pelegrinelli* v. *McCloud River Lumber Co.*, 1 Cal. App. 593, 597 [82 Pac. 695].) The evidence showed the judgment was final, that payment thereof was long overdue, and that nothing whatever had been paid on it. The evidence also showed the delay was in no manner prejudicial to the rights of the defendants. The facts that the defendants are sixty-five years of age and are possessed of little property do not constitute valid reasons why the order complained of should not be made. Those reasons could with equal propriety be set up against the issuance of any execution. But no one would make that contention. The defendants also call attention to the enactment

of moratorium acts and they ask us to rule accordingly. But it is sufficient to state no moratorium statute has been passed covering this case.

The second point made by the defendants is that the right to an execution is barred by the limitation expressed in Code of Civil Procedure, section 685, as amended in 1933. The last clause in that section is, "but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act". Said amendment took effect August 21, 1933. As of that date the defendants contend the rights of the parties should be measured and therefore the plaintiffs were barred. We think they misconstrue the statute. As shown above, we are not in the instant case concerned with actions "to revive a judgment . . . ". We are concerned with a step in an action already commenced. (*Saunders* v. *Simms,* 183 Cal. 167 [190 Pac. 806].) Section 685 was incorporated in the Practice Act of 1861 and was then numbered section 214. On the adoption of the codes it was codified as section 685 of the Code of Civil Procedure. At that time the privilege mentioned was limited to actions "other than for the recovery of money". The law so stood until March 9, 1895, when the section was amended to read as follows: "In all cases, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the Court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act." The law so stood until 1933 when the section was again amended. The amendment, in effect, consisted of inserting the words which we have italicized, and the entire amended section is as follows: "Sec. 685. Execution of judgment after five years: Enforcement by judgment on supplemental proceedings. In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, *and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be*

*ground for the denial of the motion.* Judgment in all cases may also be enforced or carried into execution after the lapse of five years from the date of its entry, by judgment for that purpose founded upon supplemental proceedings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act.'' The portion not italicized should be construed as the law since 1895 and the portion italicized should be construed as stating the law since August 21, 1933. (Pol. Code, sec. 325.) But under the statute as enacted in 1895 there is a long line of decisions to the effect that said statute did not provide a time limit. (15 Cal. Jur. 257.) A comparison of the enactment in 1933 with the enactment in 1895 shows no change of intention on the part of the legislature.

The foregoing expressions are, we think, in accord with other recent decisions construing said statute. In *Mohr* v. *Riccomi,* 14 Cal. App. (2d) 416, at page 418 [58 Pac. (2d) 659], the court said: ''Failure to give reasons for delay justifies the court in denying the motion, but where, as here, reasons are given for failure to have execution issued, which reasons are satisfactory to the court, the power of the exercise of discretion still exists as it did prior to the amendment, a more formal presentation of the motion only being required.'' (See, also, *Corcoran* v. *Duffy,* 18 Cal. App. (2d) 658 [64 Pac. (2d) 735], and *Passow* v. *Bell,* 27 Cal. App. (2d) 360 [81 Pac. (2d) 224].)

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 29, 1939.