[L. A. No. 18323. In Bank. Dec. 10, 1942.]

R. L. BUTCHER, Respondent, v. JOHN C. BROUWER, Appellant.

George Acret for Appellant.

Hugo D. Newhouse, as Amicus Curiae, on behalf of Appellant.

Emmett A. Tompkins for Respondent.

Robert E. Hatch and George K. Ford, as Amici Curiae, on behalf of Respondent.

EDMONDS, J.—A judgment debtor has appealed from an order directing the issuance of a writ of execution more than five years after the entry of judgment, and presents questions for decision which require a construction of the applicable statutes.

In 1929, following default in the payment of a trade acceptance executed upon the purchase of feed for dairy cattle, judgment was entered against the appellant Brouwer and his wife. Three and one-half years later, and after some partial payments had been made upon it, Sally Williams, the assignee, procured a writ of execution and levied upon property of the appellant. Because a proceeding in bankruptcy was then pending against Brouwer, the District Court of Appeal, by writ of mandate, directed the superior court to recall the writ of execution. Shortly afterward, Brouwer's application for a discharge in bankruptcy was denied. An alias writ of execution was then procured and levied upon his interest in certain dairy cattle. A week later the superior court quashed this writ, but the next day ordered another one issued. This was returned *nulla bona.*

Seven years passed. Sally Williams then served and filed

a notice of motion for an order directing the issuance of a writ of execution upon the judgment in accordance with the provisions of section 685 of the Code of Civil Procedure. The notice of motion was accompanied by her affidavit, in which she set forth the amount claimed to be unpaid upon the judgment and the facts concerning the orders made in connection with the three writs of execution which had been previously issued. According to the affidavit, by the time the third writ of execution was issued, the appellant had disposed of his property, and despite continued· investigation, she did not discover any property which was shown of record to be owned by Brouwer until just prior to the filing of her notice of motion.

By affidavits opposing the motion, the appellant and his wife stated that he had no property until November, 1935. Certain dairy stock, they then agreed, should be considered as belonging to the community. Since that date, Sally Williams saw the appellant make bank deposits and knew that the dairy had become a "community venture." In reliance upon the inactivity of the assignee to prosecute the judgment and under the belief that it had been abandoned and was outlawed, the Brouwers continued, since the first of 1937, they have operated the dairy business as their community property in the appellant's name and have purchased real and personal property jointly from commingled community and separate funds. From 1937, this property has been assessed to the appellant. And if the execution should be issued, they asserted, their business will become worthless, and because of outstanding encumbrances against its assets, the judgment creditor will receive nothing, but many persons will lose their employment.

In a supplemental affidavit, Sally Williams stated that the appellant had no property in his name until April, 1938. What was then shown of record, she said, was so heavily encumbered that nothing could have been realized upon it by the levy of execution.

By appealing from the order directing execution to issue, the appellant claims that the judgment creditor stated no reasons for her alleged failure to proceed by way of execution under section 681 of the Code of Civil Procedure before the time to renew the judgment lapsed under section 336 of that code, and therefore the trial court abused its discretion in directing the issuance of the writ. The re-

spondent, in support of the order, argues that the record shows no abuse of discretion justifying its reversal.

Section 685 of the Code of Civil Procedure, before it was last amended, provided in part as follows: "In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of court, upon motion. . . ." As so worded, it has many times been construed by the appellate courts which held that although the enforcement of a dormant judgment by execution issued in response to the creditor's motion was a matter within the sound discretion of the trial court (*Weldon* v. *Rogers,* 159 Cal. 700 [115 P. 464]), mere lapse of time was not in itself a sufficient ground for the denial of the motion. (*Doehla* v. *Phillips,* 151 Cal. 488 [91 P. 330]; *Bredfield* v. *Hannon,* 151 Cal. 497 [91 P. 334]; *Harlan* v. *Harlan,* 154 Cal. 341 [98 P. 32]; *Demens* v. *Huene,* 89 Cal. App. 748, 749 [265 P. 389]; *Welk* v. *Conner,* 102 Cal.App. 286 [282 P. 963].) Nor did the failure of the judgment creditor to make any effort to enforce his judgment within five years after its entry, or at a later time, afford a ground for the denial of the motion. (*Harlan* v. *Harlan, supra; Doehla* v. *Phillips, supra; Demens* v. *Huene, supra.*) And the motion was properly granted although, during the five years following the judgment, the judgment debtor possessed property which could have been discovered and subjected to the judgment. (*Doehla* v. *Phillips, supra; Demens* v. *Huene, supra.*) As a practical matter, therefore, by this construction of the statute a creditor, almost as a matter of right, might obtain an execution many years after the five-year period fixed by section 681.

In 1933, the Legislature added to the section the requirement that a creditor desiring an execution at a time more than five years following the entry of judgment must make his motion "after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion." Section 681 provides: "The party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement."

█ Considering the strict construction against the debtor which the appellate courts had placed upon section 685 before the change and the requirements added at that time, it is clear that the principal object of the new enactment was to place upon a creditor seeking to enforce a judgment more than five years after its entry, the burden of showing why he was not able to satisfy his claim within the statutory period during which he is entitled to an execution as a matter of right. (§ 681, Code Civ. Proc.) The amendment of a statute is evidence of an intention to change the rule which has been stated by the courts in applying its provisions (*Hoffman* v. *McNamara,* 102 Cal.App. 280, 285 [282 P. 990] ; and see Crawford, Statutory Construction [1940], § 304, p. 618, and cases cited), and in view of the legislative and judicial history of section 685, its present provisions should be construed as authorizing the court to give a creditor an execution only if, during the five years following entry of judgment, he exercised due diligence in locating and levying upon property owned by the debtor, or in following available information to the point where a reasonable person would conclude that there was no property subject to levy within that time. And even though the creditor may have satisfied the court that he has proceeded with due diligence to enforce his judgment under section 681, the court may still deny him its process if the debtor shows circumstances occurring subsequent to the five-year period upon which, in the exercise of a sound discretion, it should conclude that he is not now entitled to collect his judgment.

On three occasions the District Courts of Appeal have passed upon the effect of the 1933 amendment. In *Peers* v. *Stoll,* 32 Cal.App.2d 511 [90 P.2d 119], the court held that the Legislature intended no change in the law under the amendment. That case is therefore disapproved. *Corcoran* v. *Duffy,* 18 Cal.App.2d 658 [64 P.2d 735], presented for review an order in favor of the creditor after a writ of execution was issued within the five-year period and returned unsatisfied. And the decision in *Mohr* v. *Riccomi,* 14 Cal.App.2d 416 [58 P.2d 659], included express approval of the superior court's conclusion that the issuance of execution within the five years following judgment would have been futile. The affirmance of the orders directing execu-

tion to issue in the latter two cases therefore may be justified upon the ground that the appellant showed no abuse of discretion by the superior court and that the judgment creditors had exercised due diligence, although the opinion in each of them contains dictum to the effect. that the 1933 amendment to section 685 did not change the character of the discretion to be exercised.

In the present case, the judgment creditor procured three writs of execution. There was no enforcement of the judgment by means of the first two because of orders made by the court concerning them. By the time the last one was placed in the hands of the sheriff, according to evidence before the trial court, the debtor had transferred his property. These facts clearly show that, within the five-year period, by means of an execution issued pursuant to the provisions of section 681 the creditor made every effort which reasonably could be required of him within the five-year period to collect his judgment and that the debtor effectually prevented him from doing so. And when, according to the supplemental affidavit of Sally Williams, the judgment debtor next acquired property in his own name in April, 1938, what was then shown of record was so heavily encumbered that nothing could have been realized upon it by the levy of execution.

As the record discloses no abuse of discretion by the trial court, the order is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Peters, J. pro tem., concurred.