GUAM ECONOMIC DEVELOPMENT AUTHORITY, et al., Plaintiffs–Appellees,

v.

David J. ULLOA, et al., Defendants–Appellants.

No. 86–2535.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 1987.

Decided March 14, 1988.

---

John A. Spade, and David A. Mair, Mair, Mair, Hogan & Spade, Agana, Guam, for defendants-appellants.

Richard L. Johnson, Klemm, Blair, Sterling & Johnson, Agana, Guam, for plaintiffs-appellees.

Before POOLE, NORRIS and BRUNETTI, Circuit Judges.

POOLE, Circuit Judge:

David, Juanita and Richard Ulloa (hereinafter collectively "Ulloa") appeal from an order of the district court granting the motion of Western Systems, Inc. ("WSI") for an order enforcing judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The District Court of Guam, sitting as a local court of original jurisdiction, entered judgment for WSI and against Ulloa and various other defendants on November 18, 1977. Thereafter WSI made numerous unsuccessful attempts to collect from Ulloa. By May 1979 it became apparent that further attempts at enforcement would be fruitless; accordingly, WSI focused its col-

lection energies on the remaining judgment debtors. On July 15, 1986, more than eight years after entry of judgment, WSI sought further enforcement authorization pursuant to Guam Code of Civil Procedure Section 685.[1] That motion was granted and this appeal timely followed.[2]

Ulloa questions the propriety of the district court's conclusion that § 685, as amended, authorizes the order. Section 685 interacts with two other Guamanian statutes. Section 681 provides that a writ of execution will issue as a matter of right for five years after entry of judgment; section 336 places a five year limit on the filing of a *separate action* to enforce a judgment. Section 685, enacted in 1953, originally provided that

[i]n all cases the judgment may be enforced or carried into execution after the lapse of five (5) years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the taking effect of this Code.

In 1982 the Guam legislature amended section 685 by substituting a six year time requirement. Pub.L. No. 16–120. No other language was changed. Inexplicably, sections 681 and 336 retained their five year provisions. The apparent result is a one year gap wherein enforcement cannot be had by suit, writ or motion.

This gap, Ulloa contends, effectively extinguished the district court's power to enforce WSI's judgment. The judgment was entered more than five but less than six years prior to the effective date of the 1982 amendment. Since the five year period of

---

1. All statutory references are to the Guam or California Codes of Civil Procedure.

2. Conclusions of law of the District Court of Guam, sitting as a local *trial* court, are reviewed *de novo*. Cf. *In re McLinn*, 739 F.2d 1395 (9th Cir.1984) (en banc) (on direct appeal, a district court's conclusions as to issues of state law must be reviewed *de novo*). This court recently granted a rehearing en banc in *People of Guam v. Yang*, 800 F.2d 945 (9th Cir.1986), *rehearing*

*en banc granted,* 833 F.2d 1379 (1987), to reconsider the appropriate standard of review for the District Court of Guam's conclusions of local law. *Yang*, however, involved a decision of the District Court of Guam sitting in its appellate capacity and, thus, does not control this case. *See also Schenck v. Government of Guam*, 609 F.2d 387 (9th Cir.1979) (deferential standard of review for legal determinations of District Court of Guam sitting as appellate court).

sections 681 and 336 had run, and section 685 by its terms will not revive a judgment "barred by limitation", WSI became forever ineligible for discretionary process under section 685.

■■■ Ulloa's analysis is flawed in a number of respects. First and foremost, section 681 is not a statute of limitations or repose; it merely provides a limited time within which the judgment creditor may obtain the writ of execution as a matter of right. Thereafter, under section 685, the issuance of the writ calls for exercise of the trial court's discretion. Upon the expiration of section 681's five-year period, in which execution is available as a matter of right, the judgment has not lapsed or expired because enforcement of section 685 is still available by leave of court, by motion, or by a judgment in the original proceeding based upon supplemental pleadings. Since "supplemental" pleadings have relationship to prior pleadings in the same action, a proper reading of section 685 would seem to be that the judgment may be enforced in that manner. Second, since section 681 does not cause a judgment to *expire,* there is no moribund judgment to "revive" and section 685 is not offended by subsequent enforcement. WSI's motion was not barred by the language of section 685 either before or after amendment. It follows that the district court properly concluded that the 1982 amendment did not cause the judgment to expire and its plain terms permitted further enforcement of the judgment. Reasonably interpreted, the final sentence of section 685 simply upholds the integrity of section 336; it does not speak at all to motions to enforce.[3]

The district court's conclusion is further supported by controlling case law. It is established that California cases construing statutory language later adopted by the Guam legislature cast controlling light on the Guam provisions. *See Roberto v. Aguon,* 519 F.2d 754, 755 (9th Cir.1975).

The California court of appeal has construed identical statutory language as speaking to the date of original enactment rather than the date of reenactment. *See Greeley v. Suey Sing Benev. Ass'n,* 28 Cal.App.2d 536, 538–39, 83 P.2d 54, 55 (1938). Under this reasoning, the final sentence of section 685 does no more than prohibit the revival of judgments which were barred when the statute took effect in *1953.* We conclude that the district court properly construed the statute.

■■ Ulloa next contends that even if a section 685 motion was available to WSI, it was not entitled to relief because it failed to exercise due diligence in attempting to enforce the judgment pursuant to section 681. Ulloa concedes, as it must, that the statute contains no express diligence requirement. It insists, however, that such a requirement should be implied from California legal developments. This assertion lacks merit.

Guam section 685 is virtually identical to the 1895 version of California's section 685. The California legislature amended its statute in 1933 to require a demonstration of diligence by providing that the movant must include an affidavit explaining his failure to proceed in compliance with section 681.[4] Ulloa contends that the California model is highly persuasive that a diligence requirement was intended by the Guam legislature in 1953.

In our view, the California experience proves the contrary. The Guam legislature's 1953 decision to adopt the 1895 version rather than the 1933 version of the California statute constitutes an implicit rejection of the 1933 amendment. Even when amending the statute with almost thirty years of hindsight, the Guam legislature eschewed California's due diligence language. Thus the 1982 amendment of section 685 may more logically be considered a reiteration of the 1953 rejection

---

**3.** The district court arrived at the same conclusion without identifying its route. Despite the lack of explanation, it is the result, not the reasoning, upon which an appellate court passes judgment. *Myers v. United States Parole Comm'n,* 813 F.2d 957, 959 (9th Cir.1987).

**4.** In 1982 California substantially revised its statutory scheme for enforcement of judgments. *See* California Code of Civil Procedure §§ 683.-010–683.320.

of California's due diligence requirement. The extension of the *Roberto* rule of construction advanced by Ulloa would effectively hold the Guam legislature hostage to the enactments of its California counterpart. That rule cannot be applied to impose requirements that the Guam legislature has implicitly rejected. We will not so extend *Roberto*. The district court's apparent[5] conclusion that diligence is not required under section 685 was correct.

Ulloa raises two further points to impeach that conclusion. First, it argues that California case law between 1895 and 1933 read a due diligence requirement into the 1895 version of the statute. Second, it argues that the Guam legislature could not have intended to confer unbounded discretion upon the local trial courts in authorizing execution because section 685 is meant to be only a limited exception to section 681. Moreover, it argues that subjecting judgment debtors to such latitude contravenes basic considerations of fairness.

These contentions are unpersuasive. The California decisions construing the section 685 of 1895 vintage impose no requirement of due diligence, or other standard of vigor. *Butcher v. Brouwer*, 21 Cal.2d 354, 357, 132 P.2d 205, 206 (1942). *See, e.g., Creditors Adjustment Co. v. Newman*, 185 Cal. 509, 197 P. 334 (1921); *Weldon v. Rogers*, 159 Cal. 700, 115 P. 464 (1911); *Harlan v. Harlan*, 154 Cal. 341, 98 P. 32 (1908); *Bredfield v. Hannon*, 151 Cal. 497, 91 P. 334 (1907); *Doehla v. Phillips*, 151 Cal. 488, 91 P. 330 (1907). Indeed, the 1933 amendment was animated by the legislature's desire to curb the trial court's discretion to grant the writ. *See* 5 B. Witkin, *California Procedure* § 201, at 3554 (2d ed. 1971). Thus, pre-1933 California case law fortifies rather than undermines the district court's conclusion.

As to the second point, we see nothing unreasonable in the entrustment of broad discretion to the trial court to grant the writ under section 685. In any case we are

convinced that this is what the legislature intended; it is not our province to question its wisdom. We hold that the district court correctly concluded that due diligence is not required under section 685. We find it unnecessary to reach the court's alternate ruling that due diligence was in fact demonstrated by WSI.

■ Ulloa's final contention is that the service of notice of WSI's motion was defective. WSI served the notice of motion on Herman Skipper, Ulloa's former attorney. However, at the time Skipper remained Ulloa's attorney of record. Under Federal Rule of Civil Procedure 5(b), notice served upon a party's attorney of record is adequate.[6] We hold that Ulloa received sufficient notice of WSI's motion.

Since the district court correctly construed the Guam statute, we AFFIRM.

---

5. Again, the reasoning of the district court is not set out with precision or clarity. However, our review of its Memorandum Order convinces us that the court concluded that an affidavit demonstrating diligence is not required by the statute.

6. It is undisputed that Ulloa received adequate actual notice to respond to the motion.